IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Vs. | § | CRIMINAL ACTION NO. 6:07CR31 |
| MICHAEL LLOYD FRANCIS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

The above-styled case is referred to the undersigned. On November 1, 2007, the Government filed a Motion to Dismiss Petition of Anjourie Austin (document #41). On December 3, 2007, Anjourie Austin filed a pleading titled, "Withdrawal of Petition for My Interest in Land" (document #46).

*Background*

On September 11, 2007, the undersigned issued an Order granting the Government's Motion for Preliminary Forfeiture of Property. The Preliminary Order of Forfeiture concerns the forfeiture of defendant's interests in property described as:

**Real Property**

(a) **All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements located at 10111 W. Hidden Lake Lane, Richmond, Fort Bend County, Texas, more fully described as Gaston-Fulshear Corp, Lot 18-20 (PT) & Lot 21, acres 9.342 tract 40 (TR F, G, H), Parcel Number 3501-00-000-0181-901.**

> **(b)** **All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements located on W. Hidden Lake Lane, Richmond, Fort Bend County, Texas, more fully described as Gaston-Fulshear Corp, Lot 18-20 (PT), acres 10.266, Tract 40, Parcel Number 3501-00-000-0180-901.**

Anjourie Austin, as a possible interested party, was personally served with notice of the Preliminary Order of Forfeiture. A letter was subsequently filed by Anjourie Austin on September 28, 2007, asking the Court "to grant Euphemia P. DaCosta this tract and leave it in [Anjourie Austin's] name until all back and current taxes are paid." The letter is construed as a Petition of Interested Party.

On November 1, 2007, the Government filed a Motion to Dismiss Petition of Anjourie Austin. The Government asserts that Ms. Austin's petition should be dismissed because it is not signed under penalty of perjury, it fails to set forth the nature and extent of her right, title or interest in the property, the time and circumstances of her acquisition of the right, title or interest in the property or additional facts supporting her claim, and it fails to state a legal basis for any claim to the property pursuant to 21 U.S.C. § 853(n)(6).

The matter was scheduled for a hearing to be conducted on December 6, 2007. On December 3, 2007, an Order was issued resetting the hearing for January 22, 2008. Rather than file a response to the motion to dismiss, Ms. Austin filed a pleading on December 3, 2007 stating that she would like to withdraw her petition and cancel the hearing.

*Discussion*

A third-party seeking amendment of a forfeiture order must show by a preponderance of the evidence:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the

        time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B)      the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6). In this case, Ms. Austin has not shown that she has a legal right, title or interest in the property at issue. Rather, she filed a withdrawal of her petition stating that she gives up any and all claims she may have to the land at issue. Ms. Austin asks that this case "be canceled." Accordingly, the petition filed by Ms. Austin should be dismissed.

## Recommendation

It is recommended that the Government's Motion to Dismiss Petition of Anjourie Austin (document #41) be granted. The Clerk shall mail a copy of this Report and Recommendation to Anjourie A. Austin, 14502 Fenian Court, Sugar Land, TX 77484, via U.S. certified mail, return receipt requested. The Report and Recommendation shall be sent electronically to Assistant United States Attorney Richard L. Moore.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So **ORDERED** and **SIGNED** this **4** day of **December, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE